IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>HIKE LTD. and HIKE PRIVATE LTD.,<br><br>    Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 2:18-cv-00516<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Uniloc 2017 ( "Uniloc"), as and for their complaint against Defendants Hike Ltd. and Hike Private Ltd. (together "Hike"), allege as follows:

## THE PARTIES

1. Uniloc is a Delaware limited liability company having places of business at 620 Newport Center Drive, Newport Beach, California 92660 and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

2. Uniloc holds all substantial rights, title and interest in and to the asserted patent.

3. Upon information and belief, Hike Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Bharti Crescent 1, Nelson Mandela Road, Vasant Kunj New Delhi, 110070 India.

4. Upon information and belief, Hike Private Ltd., a subsidiary of Hike Ltd, is a corporation organized and existing under the laws of India, having a principal place of business at Bharti Crescent 1, Nelson Mandela Road, Vasant Kunj New Delhi, 110070 India.

5. Hike offers its products, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Among other things, Hike engages in marketing activities that promote the use of the Hike

Messenger app and its associated system.

## JURISDICTION

6. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Hike in this action because Hike has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Hike would not offend traditional notions of fair play and substantial justice. Hike has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted patent.

8. Hike allows Eastern District of Texas residents to communicate with one another through its Messenger application.

9. In its marketing of the Messenger application, Hike uses Hike Ltd and Hike Private Ltd. interchangeably:



Source:  https://get.hike.in/



Source: https://play.google.com/store/apps/details?id=com.bsb.hike

10. The pending United States trademark applications registrations for "Hike Messenger" are listed as being owned by Hike Ltd.

11. Hike maintains an interactive support website, https://support.hike.in/hc/en-us, for its U.S.-based users (English – US indicator in URL) where residents in the Eastern District of Texas may register.

3



Source:  https://support.hike.in/hc/en-us

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b). Because Hike Ltd. and Hike Private Ltd are not residents in the United States, they may be sued in any judicial district. Upon information and belief, Hike has also committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in the State of Texas.

### COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,764,637)

13.     Uniloc incorporates the preceding paragraphs above by reference.

14. U.S. Patent No. 7,764,637 ("the '637 Patent"), entitled PEER-TO-PEER MOBILE INSTANT MESSAGING METHOD AND DEVICE that issued on Jull 27, 2017. A true and correct copy of the '637 Patent is attached as Exhibit A hereto.

15. Pursuant to 35 U.S.C. § 282, the '637 Patent is presumed valid.

16. The '637 Patent describes inventive features that are not well-understood, routine, and conventional.

17. Hike makes, uses, offers for sale, sells and/or imports into the United States a platform and application (or "app") marketed under the name "Hike Messenger." Hike Messenger can be downloaded to a mobile device through sites such as Google Play and the Apple App Store. Two users having the Hike Messenger installed on their respective mobile devices can engage in peer-to-peer communications such as video calling ("Accused Infringing Device").

18. The Hike app supports a data packet-based communications service over a digital mobile network system.

19. The Hike platform works on a one mobile, one number principle. A mobile number is required to establish service and is used as a unique identifier for Hike users. Hike verifies this mobile number by sending a text message during the setup process. After initial set-up, a Hike ID can be used as a proxy for the mobile number.

20. When one Hike user desires to have a video call with another Hike user, the unique identifier is used to relay an invitation message. Then, upon receipt of the invitation message, the respective Hike messengers set up a peer-to-peer communication using ports, TCP connections, and IP addresses. Because of the peer-to-peer nature of such communication, no intermediating server is needed to establish the TCP connection used for the video call.

21. Hike has directly infringed and continues to directly infringe one or more claims of the '637 Patent in the United States during the pendency of the '637 Patent, including at least Claim

9 literally and/or under the doctrine of equivalents, by or through making, using, offering for sale and/or selling the Accused Infringing Devices that operate as described above.

22. In addition, should the Accused Infringing Devices be found to not literally infringe claims of the '637 Patent, use of the devices would nevertheless infringe one or more claims of the '637 Patent. More specifically, the devices perform substantially the same function (establishing a communication session between an initiating mobile device and a target mobile device), in substantially the same way (using known unique information about the target mobile device) to yield substantially the same result (a peer-to-peer call). Hike would thus be liable for direct infringement under the doctrine of equivalents.

23. Hike has indirectly infringed and continues to indirectly infringe at least Claim 9 of the '637 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale or sell1ing the Accused Infringing Devices. Hike's customers who use such devices in accordance with Hike's instructions directly infringe one or more of claims of the '637 Patent in violation of 35 U.S.C. § 271.  Hike directly and/or indirectly intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and/or user guides such as those located at one or more of the following:

- https://support.hike.in/hc/en-us

Hike is thereby liable for infringement of the '637 Patent under 35 U.S.C. § 271(b).

24. Hike has indirectly infringed and continues to indirectly infringe at least claim 9 of the '637 Patent by, among other things, contributing to the direct infringement by others including, without limitation customers using the Accused Infringing Devices, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing

6

the '637 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

25.  Hike will have been on notice of the '637 Patent since, at the latest, the service of this complaint upon Hike.  By the time of trial, Hike will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of one or more of claims of the '637 Patent.

26.  Hike may have infringed the '637 Patent through other devices, systems, and software utilizing the same or reasonably similar functionality as described above.  Uniloc reserves the right to discover and pursue all such additional infringing software and devices.

27.  Uniloc has been damaged by Hike's infringement of the '637 Patent.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Hike as follows:

(A)  declaring that Hike has infringed the '637 Patent;

(B)  awarding Uniloc its damages suffered as a result of Hike's infringement of the '637 Patent pursuant to 35 U.S.C. § 284;

(C)  awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(D)  granting Uniloc such further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: November 18, 2018

Respectfully submitted,

By: */s/ James L. Etheridge*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeff Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX  76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jeff@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFF UNILOC 2017 LLC C**

v